### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLEN LEON LACY and, <br> EMILY LACY, Husband and Wife, <br><br> Plaintiffs, <br><br> v. <br><br> CSAA FIRE & INSURANCE COMPANY, <br> d/b/a AAA FIRE & CASUALTY <br> INSURANCE COMPANY, an Indiana <br> Corporation; and AUTOMOBILE CLUB OF <br> OKLAHOMA, d/b/a AAA OKLAHOMA, <br> a domestic Not For Profit Corporation, <br><br> Defendants. | Case No. CIV-21-629-D |

### ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 11]. Plaintiffs assert that the Court lacks subject-matter jurisdiction in this case because Defendants have not established the existence of complete diversity. Defendant CSAA Fire and Casualty Insurance Company (CSAA Fire) filed a response [Doc. No. 12], and Plaintiffs filed a reply [Doc. No. 13]. The matter is fully briefed and at issue.

### BACKGROUND

Allen and Emily Lacy, citizens of Oklahoma, brought this suit in an Oklahoma state court. In their petition, Plaintiffs allege that a May 2019 storm caused wind and hail damage to their property in Blanchard, Oklahoma. At the time of the storm, Plaintiffs were insured under a homeowners policy issued by CSAA Fire. Plaintiffs allege that CSAA Fire failed and refused to pay the full benefits necessary to repair or replace their damaged property.

Plaintiffs bring claims for breach of contract and bad faith against CSAA Fire. Although not a party to the insurance contract, Plaintiffs joined Automobile Club of Oklahoma to their suit.

CSAA Fire is incorporated under the laws of the state of Indiana; its principal place of business is in California. Automobile Club of Oklahoma was a corporation formed under the laws of the state of Oklahoma, but it merged into a different corporation, AAA Club Alliance, Inc. (AAA Club), in 2016. AAA Club is a Delaware corporation; its principal place of business is in Delaware.

Shortly after Plaintiffs filed their petition, CSAA Fire removed the action to federal court, relying on the Court's jurisdiction under 28 U.S.C. § 1332. Plaintiffs now move to remand, arguing that the parties lack complete diversity.

## STANDARD OF DECISION

A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). The relevant jurisdictional authority in this case, 28 U.S.C. § 1332(a), grants federal district courts jurisdiction in civil actions between citizens of different states when the amount in controversy exceeds $75,000.[1] "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citation omitted). The party seeking to remove the case "bears the burden to establish that its removal of [the] case to federal court was proper." *Hernandez v. Liberty*

---

[1] In their state court petition, Plaintiffs sought damages in excess of $75,000. [Doc. No. 1-2 at p. 6].

*Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999)).

A defendant may also remove a case to federal court based on diversity if the plaintiff fraudulently joined a nondiverse defendant in order to defeat federal jurisdiction. *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412–13 (10th Cir. 1991). "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted); *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (unpublished). Defendant relies solely on the second basis.

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (internal quotation omitted); *Long*, 768 F. App'x at 814. In this case, Defendant must show "there is no possibility that [Plaintiff] would be able to establish a cause of action against [AAA Club] in state court." *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, *1 (10th Cir. April 14, 2000) (unpublished) (internal quotation omitted). The nonliability of a defendant alleged to be fraudulently joined must be "established with complete certainty." *See Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 2000 WL 525592 at *2.

In assessing fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd*, 329 F.2d at 85 (citations omitted); *see Smoot*, 378 F.2d at 881-82 ("[I]t is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal"); *accord Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished). "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished); *see Brazell*, 525 F. App'x at 881 ("In general, the removing party must show that the plaintiff has no cause of action against the fraudulently joined defendant.") (internal quotation omitted).

## DISCUSSION

Defendant argues complete diversity is present because Automobile Club of Oklahoma merged into a foreign entity, AAA Club, in 2016. Plaintiffs counter, arguing that Defendant provided insufficient information in the Notice of Removal to establish the merger. Plaintiffs submit pleadings from recent, unrelated state court suits in which Defendant admitted that Automobile Club of Oklahoma is an Oklahoma corporation. Relying heavily on these unrelated pleadings, Plaintiffs argue Defendant is now precluded from proving the merger or asserting AAA club's actual state of citizenship.

Plaintiffs' arguments are unfounded.[2] Defendant has provided sufficient information to establish the merger between Automobile Club of Oklahoma and AAA Club. The Notice of Removal included an affidavit filed by AAA Club in a different matter in which an AAA Club employee stated that Automobile Club of Oklahoma dissolved in 2016. [Doc. No. 1-6]. The Notice also included the entity summary information webpages from the Oklahoma Secretary of State for both Automobile Club of Oklahoma and AAA Club. [Doc. No. 1-7]. The webpage for Automobile Club of Oklahoma shows it merged into another company. *Id.* The webpage also includes links to documentation of the merger, including certificates of merger filed in Oklahoma and Delaware. Those documents explain that AAA Club is the surviving corporation from the merger. Defendant has thus provided extensive information to establish Automobile Club of Oklahoma merged into AAA Club in 2016.

Further, Plaintiffs' argument that Defendant's admissions in pleadings outside this matter have binding effect on the Court's subject-matter jurisdiction lacks any basis in authority. Section 1332(a)(1) grants district courts jurisdiction in suits between citizens of different states. What Defendant has admitted in unrelated cases is irrelevant. *See Laizure v. CSAA Ins. Exch.*, No. 19-CV-388-JED-JFJ, 2020 WL 6136234 (N.D. Okla. Oct 19, 2020) ("[T]hat AAA Club Alliance decided not to dispute the issue of its citizenship in another case is irrelevant.").

---

[2] Their arguments have also been previously rejected by an Oklahoma federal court in another case involving CSAA Fire. *Laizure v. CSAA Ins. Exch.*, No. 19-CV-388-JED-JFJ, 2020 WL 6136234 (N.D. Okla. Oct 19, 2020).

A corporation is deemed to be a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, CSAA Fire is a citizen of Indiana and California, and AAA Club is a citizen of Delaware.[3] Since Plaintiffs are both Oklahoma citizens, Defendant has met its burden to show complete diversity of citizenship.

Defendant also contends AAA Club was fraudulently joined because Plaintiffs have not provided a viable basis for including it in the litigation. They argue AAA Club cannot be held liable for breach of contract or bad faith. To assert claims for breach of contract and bad faith against AAA Club Plaintiffs would have to prove AAA Club is a party to their policy. *See Hensley v. State Farm Fire & Cas. Co.*, 398 P.3d 11, 18 (Okla. 2017) ("[A]n action based on the duty to deal fairly and act in good faith will not lie against a stranger to the contract."). Plaintiffs argue that they could not purchase an insurance policy from CSAA Fire without entering a contract with AAA Club. They assert they had to be AAA members before they could purchase the policy.

In an affidavit attached to the Notice of Removal [Doc. No. 1-6], a AAA Club employee explained that AAA Club is not a subsidiary or member of CSAA Fire. Instead, AAA Club and CSAA Fire share a contractual relationship. AAA Club procures and submits applications for insurance to CSAA Fire. Further, AAA membership is a separate

---

[3] There is little authority discussing the question of a corporation's citizenship after a merger. But the few cases dealing with the issue "seem to be in agreement that the citizenship of the surviving entity is controlling; the citizenship of the predecessor company becomes irrelevant." 13F Arthur R. Miller, *Federal Practice and Procedure* § 3623 (3d ed. April 2021 update).

product from any insurance policy; AAA Club offers insurance policies underwritten by CSAA Fire at a discounted rate.

Neither AAA Club nor its predecessor, Automobile Club of Oklahoma, were a party to the insurance policy at issue. The Declarations page of Plaintiffs' policy plainly identifies the insurer as "AAA Fire & Casualty Insurance Company."[4] [Doc. No. 11-5]. Further, Oklahoma law is clear that "conduct of the insurer and the agent in selling and issuing the policy, cannot give rise to the tort of bad faith breach of an insurance contract." *Claborn v. Washington Nat'l Ins. Co.*, 910 P.2d 1046, 1051 (Okla. 1996); *see also Wathor v. Mut. Assur. Adm'rs, Inc.*, 87 P.3d 559, 562, as corrected (Jan. 22, 2004) ("Agents of the insurer—even agents whose acts may have been material to a breach of the duty—do not normally owe the insured a duty of good faith since agents are not parties to the insurance contract."). Any breach of contract or bad faith claim, thus, could be asserted only against CSAA Fire. Therefore, since it was not a party to Plaintiffs insurance contract and had no role in handling their claim, AAA Club cannot be held directly liable.

It cannot be held liable to Plaintiffs on an alter-ego theory, either. "The question whether an allegedly dominant corporation may be held liable for a subservient entity's tort hinges primarily on control." *Frazier v. Bryan Mem'l Hosp. Auth.*, 775 P.2d 281, 288 (Okla. 1989). AAA Club is not owned or controlled by CSAA Fire or any of its subsidiaries; their relationship is merely contractual. Plaintiffs therefore have no cause of action against AAA Club, and the Court finds that AAA Club's joinder in this matter was fraudulent.

---

[4] Defendant CSAA Fire indicated in the opening paragraph of its response that it was previously named AAA Fire & Casualty Insurance Company. [Doc. No. 12 at p. 2].

## CONCLUSION

As set for the herein, Defendant has met its burden of proving this Court has subject-matter jurisdiction over this case and removal was proper. Further, because Plaintiffs have no viable cause of action against AAA Club, the Court finds that it should be dismissed from this action.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that AAA Club Alliance, Inc. is dismissed from this case. The Court Clerk is directed to terminate them as a party in this matter.

**IT IS FURTHER ORDERED** that AAA Club Alliance, Inc.'s Motion to Dismiss [Doc. No. 8] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 23rd day of October, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge